UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CONTRACTORS | ) | |
| INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:11CV2128 TIA |
| | ) | |
| ONE SOURCE BUILDERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff American Contractors Indemnity Company's Motion for Summary Judgment (ECF No. 40).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

This case stems from performance bonds and payment bonds issued by Plaintiff American Contractors Indemnity Company ("ACIC") as surety and Defendant One Source Builders, Inc. ("One Source") as principal with regard to two construction contracts.  (Statement of Uncontroverted Material Facts ["SUF"] ¶¶ 8, 10-12, 15-17, ECF No. 41-1)  On January 7, 2011, Defendants One Source, Jeffrey Nations ("Nations"), and Toni Elmore ("Elmore") executed a General Indemnity Agreement as consideration for and a precondition to obtaining surety bonding credit from ACIC.  (SUF ¶ 8, ECF No. 41-1)  The indemnity agreement provided that Defendants One Source, Nations, and Elmore would indemnify and hold ACIC harmless from claims and other expenses related to the performance bonds and/or the payment bonds.  (Id.)

One Source failed to pay a number of its subcontractors on the construction projects, and

ACIC received claims on the payment bonds and paid the subcontractors in accordance with its obligations under the bonds. (SUF ¶¶ 13-14, 18-20, ECF No. 41-1) ACIC then demanded that One Source, Nations, and Elmore indemnify and hold harmless ACIC by placing funds in the amount of $101,640.00 as collateral security to allow ACIC to meet the claims asserted and paid under the bonds. (SUF ¶ 23, ECF No. 41-1) However, One Source, Nations, and Elmore failed to respond to ACIC's demands in breach of the General Indemnity Agreement. (SUF ¶ 24, ECF No. 41-1)

On December 8, 2011, ACIC filed a Complaint for Indemnity, alleging that the Defendants breached their duties to ACIC under the General Indemnity Agreement and caused damage to ACIC in the amount of $101,640.00 plus other damages, interest, attorneys' fees, and costs. Pursuant to the Suggestion of Bankruptcy filed by Defendant Elmore on April 14, 2013, the proceedings against Elmore were stayed. (ECF No. 39) On April 30, 2013, ACIC filed a Motion for Summary Judgment against Defendants One Source and Nations, alleging that no genuine issues of material fact exist in this case and that ACIC is entitled to judgment as a matter of law. In response, Defendants One Source and Nations state that they have no meritorious defense to the summary judgment motion.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party.

2

Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor.  City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988).   Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ .P. 56(e).  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party.  Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324.  Self-serving, conclusory, statements, standing alone, are insufficient to defeat a well-supported motion for summary judgment.  O'Bryan v. KTIV Television, 64 F.3d 1188, 1191 (8th Cir. 1995).

In the instant case, ACIC contends that it has performed all of its obligations under the General Indemnity Agreement pursuant to its conditions such that One Source and Nations should indemnify ACIC for the amounts paid to claimants under the bonds, along with interest, attorneys' fees, and expenses.  The General Indemnity Agreement provides, in relevant part:

> In consideration of the execution and delivery by the Surety of a Bond or any
> Bonds on behalf of the Principal, the Undersigned agree to indemnify and hold the
> Surety harmless from and against any and all demands, liabilities, losses, costs,

3

damages, attorneys' fees and expenses of whatever kind or nature together with interest thereon at the maximum rate allowed by law, which arise by reason of, or in consequences of, the execution by Surety of any Bond on behalf of the Principal and whether or not the Surety shall have paid any sums in partial or complete payment thereof, including but not limited to:

2.1 Sums paid including interest thereon at the maximum rate allowed by law, or liabilities incurred in the settlement or adjustment or any and all claims, demands, damages, costs, losses, suits, proceedings, or judgments;

2.2 Expenses paid or incurred in connection with claims, suits, or judgments under such Bonds;

2.3 Expenses paid or incurred in enforcing the terms of this Agreement;

2.4 Expenses paid or incurred in procuring or attempting to procure release from liability under its Bond by Surety;

2.5 Expenses incurred in recovering or attempting to recover losses or expenses paid or incurred;

2.6 Attorney's fees and all legal expenses related to any items herein, including in-house attorney's fees, costs and expenses; investigation, accounting or engineering services;

2.7 Premiums on Bonds issued by Surety on behalf of the Principal;

2.8 Monies advanced or loaned under this Agreement.

(Compl. Ex. 1 ¶ 2, ECF No. 1-1)

Additionally, the agreement provides for collateral security where "a claim is made against Surety, whether disputed or not, or if Surety deems it necessary to establish a reserve for potential claims, and upon demand from Surety, the Undersigned shall deposit with Surety cash or other property acceptable to Surety . . . in a sufficient amount to protect Surety with respect to such claim or potential claims and any expense or attorneys' fees." (Compl. Ex.1 ¶ 6, ECF No. 1-1) In accordance with the agreement between ACIC and Defendants, ACIC paid the subcontractors after these subcontractors made claims on the payment bonds pursuant to Defendants' failure to pay. ACIC then demanded that Defendants One Source, Nations, and Elmore indemnify and hold harmless ACIC by placing in funds $101,640.00 as collateral to enable ACIC to meet the claims asserted and paid under the bonds. However, Defendants failed to do so, thereby breaching their

4

duty to ACIC under the General Indemnity Agreement.

One Source and Nations do not dispute that they have breached their agreement and that ACIC is entitled to judgment as a matter of law.  "The contract of a principal to indemnify his surety is valid and will be enforced in accordance with its terms."  Nat'l Sur. Corp. V. Prairieland Const. Inc., 354 F. Supp. 2d 1032, 1035 (E.D. Mo. 2004) (quoting Am. Ins. Co. v. Gilbert, 319 F. Supp. 1315, 1317 (E.D. Mo. 1970)).  Further, courts have upheld the validity of such indemnity provisions where the surety makes payments in good faith.  Id. (citations omitted).  One Source and Nations have failed to present any evidence of bad faith or otherwise dispute that the indemnity agreement is enforceable.  Therefore, summary judgment in favor of ACIC is warranted in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment is entered in favor of American Contractors Indemnity Company and against Defendants One Source Builders, Inc. and Jeffrey Nations in the amount of $101,640.00.  A separate Judgment in accordance with this Memorandum and Order is entered this same date.

**IT IS FURTHER ORDERED** that Plaintiff shall submit the appropriate documentation containing its request for and itemization of the additional amounts requested for interest, attorneys' fees, and costs no later than October 21, 2013.

_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE

Dated this  24th   day of October, 2013.